## S. HODGE *v*. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—822.]

### Criminal Law—Indictment for Selling Liquor.

An indictment for selling liquors is sufficient which charges the act of selling and specifies the time and place of sale, the quantity sold and the person to whom sold, and that the district wherein the act was committed was governed by the local option law; it is not necessary to allege negatively that the law had not been repealed. ·

### Taking Effect of Local Option Law.

The law takes effect as soon as the certificate of the examining board is entered in the order book of the equity court.

### Local Option Law Applies to Manufacturers.

The provisions of the local option law apply to all persons, including distillers or manufacturers of such liquors, the sale of which , is prohibited by the law, whether licensed by the United States government or not.

### APPEAL FROM CRITTENDEN CIRCUIT COURT.

May 23, 1882.

OPINION BY JUDGE HARGIS:

The appellant, Hodge, was indicted for unlawfully selling spirituous liquors in Marion dist. No. 1, of Crittenden County, on the 18th of December, 1880, "after a majority of the legal voters in said district at the August election, 1877, had voted against the sale of spirituous, vinous, or malt liquors in said district, and the vote had been compared and certified to the Crittenden County Court by the board of examiners of said election and the

certificate thereof had been entered upon the order book of said court as provided in the law, contrary to the form of the statute in such cases made and provided." No demurrer was filed to the indictment, a jury was waived, and the law and agreed facts were submitted to the court. Judgment was rendered against the appellant for $50.10 from which he appeals.

It was agreed that the appellant was a licensed distiller under the laws of the United States, and had sold at the time and place charged one quart of whisky to the person named in the indictment and that at the time of the sale "what was known as the local option law did and does now exist" in said precinct. The question presented on this state of case is whether the indictment charges a public offense.

It is provided in § 6 of an "Act to regulate the sale of spirituous, vinous or malt liquors in this commonwealth," Gen. Stat. (1881), p. 947, § 6 (appendix), that, "After the entry of the certificate of the examining board, as above provided for, in the order book of the county court, it shall be unlawful for any person to sell any spirituous, vinous or malt liquors in the said district, town or city to any person; and any person who sells any such liquors in said district, town, or city shall, upon conviction, be fined the sum of not less than $25 nor more than $100 for each offense." This section applies to all persons, including distillers or manufacturers of such liquors, whether licensed by the United States government or not. And that it does so apply is clearly demonstrated by the exceptions contained in the next section, which provides that, "The provisions of this act shall not apply to any manufacturer or wholesale dealer, who in good faith and in the usual course of trade, sells by the wholesale." The indictment is sufficient because it charges the act of selling and specifies the time and place of sale, the quantity sold and the person to whom sold, and that the district wherein the act was committed, was governed by the local option law. It shows that the local option law was adopted in the year 1877, and the liquor was sold subsequent to that date against the form of that statute. It was not necessary to allege negatively that the law had not been repealed, and as it affirmatively appears that the law was adopted in the district before the act of selling, and that the sale was contrary to the statute, we think the existence of the law is sufficiently alleged.

The law takes effect so soon as the certificate of the examining board is entered in the order-book of the county court, and this fact is explicitly alleged which shows the lawful adoption of the local option law in that district.

Judgment *affirmed.*

*Wm. Lindsay, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Fitch v. Commonwealth,* 4 Ky. L. 339; *Commonwealth v. Jarrell,* 9 Ky. L. 572, 5 S. W. 763.]